UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CRYSTAL HAYNES**                                                     **CIVIL ACTION**

**VERSUS**

**NO. 24-460-JWD-RLB**

**CF INDUSTRIES, INC., AND**
**TRS STAFFING SOLUTIONS, INC.**

**ORDER**

Before the Court is Crystal Haynes' ("Plaintiff") Motion for Brian J. Lawler to Appear *Pro Hac Vice* (the "PHV Motion") and Plaintiff's Motion to Supplement Exhibits and Motion to Waive Fee (the "Fee Waiver Motion"). (R. Docs. 6; 7).

**I.      Background**

On June 10, 2024, Plaintiff filed a complaint (the "Complaint") against CF Industries, Inc., and TRS Staffing Solutions, Inc., ("Defendants") under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). 38 U.S.C. §§ 4301 et. seq. (R. Doc. 1). USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). Plaintiff alleges that, despite being previously employed by Defendants, she returned from military service to find her former position no longer available. (R. Doc. 1). Thus, Plaintiff argues Defendants violated her rights under USERRA. (R. Doc. 1).

On August 1, 2024, Plaintiff filed the PHV Motion, asking this Court to allow Brian J. Lawler to appear *pro hac vice* as co-counsel on her behalf. (R. Doc. 6). A certificate of good standing and a declaration of Brian J. Lawler were attached. (R. Docs. 6-1; 6-2). However, the certificate of good standing did not originate from "the presiding Judge or Clerk of the highest court of the state[,]" and no filing fees were paid. L.R. 83(b) (emphasis added) ("applicant *attorney* shall pay a fee to the Clerk of Court"). (R. Doc. 6-1). On August 5, 2024, Plaintiff filed

1

her Fee Waiver Motion, asking this Court to (i) replace the proposed *pro hac vice* attorney's certificate of good standing with a new proper one, (ii) find no fees are owed regarding the Complaint, and (iii) find no fees are owed regarding the PHV Motion. (R. Doc. 7).

**II.    Law and Analysis**

    **A.    Legal Standard**

USERRA states that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." *Hernandez v. Results Staffing, Inc.*, 677 Fed. Appx. 902, 908 at n. 7 (5th Cir. 2017) (quoting 38 U.S.C. § 4323(h)(1)). Thus, the Seventh Circuit has held "that 38 U.S.C. § 4323(h)(1) permits a USERRA litigant to initiate suit without prepaying the filing fee." *Davis v. Advocate Health Ctr. Patient Care Express,* 532 F. 3d 681, 685 (7th Cir. 2008). Courts within the Fifth Circuit, following *Davis,* have concluded USERRA plaintiffs need not pay their complaint's filing fees. *See Seeton v. Thermadyne Holdings Corp.,* No. 4:09-CV-147, 2009 WL 1025323, at *1 (E.D. Tex. Apr. 15, 2009) (as "Fifth Circuit also construes USERRA liberally, *Sykes v. Columbus & Greenville Ry.*, 117 F. 3d 287, 294 (5th Cir. 1997) (construing predecessor statute), . . . Plaintiff should be allowed to proceed without paying a filing fee"); *see also Agee v. City of Tchula, Mississippi,* No. 323 CV 00062 CWR FKB, 2023 WL 438779, at *1 (S.D. Miss. Jan. 26, 2023) (USERRA plaintiff "authorized to proceed without payment of the filing fee"); *see also Bailey v. Forrest Country, Mississippi,* 2:20-cv-00016-KS-MTP, at R. Doc. 1 (S.D. Miss. May 29, 2019) ("Filing Fee waived" for "USERRA" complaint).

    **B.    Analysis**

This Court finds no issue with Plaintiff's request that its prior improper certificate of good standing for Brian J. Lawler be replaced by a proper certificate. (R. Doc. 7). This portion of the Fee Waiver Motion is thus granted. (R. Doc. 7). The Fee Waiver Motion is also granted

insofar as it asks this Court to conclude no filing fees are owed to the Court for Plaintiff's Complaint. (R. Doc. 7). From the caselaw cited above, it is clear the Seventh Circuit and many courts within the Fifth Circuit agree that USERRA plaintiffs shall not be required to pay any filing fees related to their complaints.

Regarding Plaintiff's request that the PHV Motion be granted and that the applicable PHV fees be waived, Plaintiff has failed to explain why USERRA's filing fee exception applies to an out of district attorney seeking to practice in a district where they are not admitted. *Pro hac vice* fees "are an expense that an *attorney* pays for the privilege of practicing law in this Court[,]" and this Court has found no examples of such fees being waived due to USERRA. *Knauff v. Dorel Juv. Grp., Inc.,* No. CIVA SA-08-CV-336-XR, 2010 WL 2545424, at *2 (W.D. Tex. June 21, 2010) (emphasis added); *see Bailey,* 2:20-cv-00016-KS-MTP, at R. Doc. 5 ("Paid $100 PHV fee" even though USERRA case); *see also Jiminez v. Holbrook Plastic Pipe Supply, Inc.,* 2:21-cv-02472-JS-AYS, at R. Doc. 3 (May 4, 2021) ("Pro Hac Vice Filing Fee $150" paid even though USERRA case). The pro hac vice fee is applicable to counsel, not the plaintiff, and therefore is not a fee or cost taxed against a person claiming rights under USERRA. Counsel is welcome to refile the motion with any authority on this point, pay the applicable pro hac vice fee, or Plaintiff may proceed with already enrolled counsel.

### III.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Fee Waiver Motion (R. Doc. 7) is **DENIED IN PART** and **GRANTED IN PART** so that (i) the Clerk's Office shall replace Brian J. Lawler's original Certificate of Good Standing (R. Doc. 6-1) with his new Certificate of Good Standing (R. Doc. 7-1) and (ii) Plaintiff owes no fees for the filing of her Complaint. Within 7 days, Plaintiff's

counsel shall (a) pay this Court's *pro hac vice* filing fee or (b) file a response to this Order; otherwise, the PHV Motion (R. Doc. 6) will be denied without prejudice.

    Signed in Baton Rouge, Louisiana, on August 20, 2024.

                                           **RICHARD L. BOURGEOIS, JR.**
                                           **UNITED STATES MAGISTRATE JUDGE**